UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE PETERSON, | Case No.  2:24-cv-2759-DAD-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Defendant. | |

Plaintiff's complaint alleges that defendant, Sacramento Department of Child Support Services, committed fraud during a family law hearing, which resulted in the court ordering an unfair child support obligation.  The complaint fails to state a claim.  I therefore recommend that this action be dismissed with leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
2  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
4  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
5  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
7  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8  n.2 (9th Cir. 2006) (en banc) (citations omitted).

9  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
10  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
11  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17  On July 3, 2023, plaintiff attended a family law hearing to determine her child support
18  obligations.  ECF No. 1 at 7.  The court found that plaintiff had failed to file necessary
19  paperwork, but she alleges that she filed the paperwork with the Court Clerk on February 27,
20  2023.  *Id.*  Plaintiff also claims that she never received any service documents from defendant.
21  *Id.*  The proof of service provided by defendant showed a signature for a Deborah Hamm.  *Id.*
22  However, after researching Hamm, plaintiff concluded that Hamm had not worked for defendant
23  since 2019, well before the purported proof of service was signed by Hamm.  *Id.*  Plaintiff claims
24  that defendant provided the court with a fraudulent proof of service, and that the fraudulent
25  document was used to justify the seizure of her income.  *Id.*

26  She asks that this court issue a judgment declaring that defendant committed fraud,
27  providing an award of compensatory and punitive damages, reimbursing any excessive
28  withholding from her child support payments, and ordering an investigation into defendant.  *Id.* at

1  11.

2   This court does not have jurisdiction to review the state court decision on child support payments.  Under the *Rooker-Feldman* doctrine, federal courts cannot adjudicate constitutional claims that "are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief]." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  Thus, the doctrine bars federal courts from adjudicating claims that seek to redress an injury allegedly resulting from a state court decision, even if the party contends the state judgment violated his or her federal rights.  *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); *see Feldman*, 460 U.S. at 486 ("[District courts] do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

   Plaintiff's request to invalidate the state court's order and require defendant to reimburse her for support payments made under that order is squarely what *Rooker-Feldman* prohibits.  *See Collins v. Grisom*, No. 21-CV-2136 JLS (DEB), 2022 WL 3325665, * 3 (S.D. Cal. Aug. 11, 2022) (holding that the plaintiff's challenges to a child support order based on lack of jurisdiction, lack of service of process, and lack of notice of hearings were barred under *Rooker-Feldman*); *Nemcik v. Mills*, No. 16-CV-00322-BLF, 2016 WL 4364917, at *6 (N.D. Cal. Aug. 16, 2016) ("The law does not allow a federal court to review the child support orders created by a state court."); *Rucker v. Cnty. of Santa Clara, State of Cal.*, No. C02-5981 JSW, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (holding that under *Rooker-Feldman*, the court lacked jurisdiction to declare a state court child support order that authorized garnishing disability benefit payments void as a matter of law).

   To the extent that plaintiff is arguing for an exception to the *Rooker-Feldman* doctrine by way of an allegation of extrinsic fraud, she has failed to sufficiently allege as much.  "It has long been the law that a plaintiff in federal court can seek to set aside a state court judgment obtained through extrinsic fraud."  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004).  Extrinsic fraud is "conduct which prevents a party from presenting [her] claim in court."  *Davis v.*

3

1    *Davis*, No. 18-cv-00094-RS, 2018 WL 3069308, at *5 (N.D. Cal. Apr. 25, 2018) (citations
2    omitted).  "[F]or *Rooker-Feldman* to apply, a plaintiff must seek not only to set aside a state court
3    judgment; he or she must also allege a legal error by the state court as the basis for that relief."
4    *Kougasian*, 359 F.3d at 1140 (citing *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).  And "[a]
5    plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court;
6    rather, he or she is alleging a wrongful act by the adverse party." *Id.* at 1140-41 (citing *Noel*, 341
7    F.3d at 1164).  So when "a federal plaintiff asserts as a legal wrong an allegedly illegal act or
8    omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Noel*, 341 F.3d at
9    1164.

10           Plaintiff alleges that defendant produced a false proof of service to the court and as a
11   result, plaintiff has been ordered to pay child support payments.  In order to be considered
12   extrinsic fraud, such fraud must prevent a party from presenting her claim in court. *Wood v.*
13   *McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).  Yet here, plaintiff states that she did present her
14   claim of defendant's alleged fraud to the state court and had a hearing on her child support
15   obligations. *See* ECF No. 1 at 7 ("The plaintiff moved the court to reconsider based on the
16   paperwork not being considered and to address the question of fraud by the custodial parent.  The
17   motion to reconsider was denied . . . .").  Therefore, plaintiff's claims are barred by the *Rooker-*
18   *Feldman* doctrine.

19           Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow
20   plaintiff a chance to amend her complaint before recommending that this action be dismissed.
21   Plaintiff should also take care to add specific factual allegations against defendant.  If plaintiff
22   decides to file an amended complaint, the amended complaint will supersede the current one. *See*
23   *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the
24   amended complaint will need to be complete on its face without reference to the prior pleading.
25   *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer
26   serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to
27   assert each claim and allege defendant's involvement in sufficient detail.  The amended complaint
28   should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff

does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   July 29, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE