UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESIREE PETERSON,

Plaintiff,

v.

TERRIE HARDIY-PORTER,

Defendant.

Case No.  2:24-cv-2759-DAD-JDP (PS)

ORDER AND
FINDINGS AND RECOMMENDATIONS

Plaintiff, proceeding without counsel, brings this action challenging a state court decision garnishing her wages to pay child support.  ECF No. 7 at 3-6.  These allegations do not state a cognizable federal claim, and, in the absence of any other basis for federal jurisdiction, I recommend that this action be dismissed without leave to amend.

Legal Standard

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

Plaintiff challenges a state court decision garnishing her wages to pay for child support.  ECF No. 7 at 3-6.  Courts have routinely held that claims, like this one, that implicate domestic relations are reserved to the state.  *See Andenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992).  And the "domestic relations exception" applies to a state court's decision to award child support.  *See Bobo v. Tulare County & King County DA*, No. 6:14-cv-1067-TC, 2014 U.S. Dist. LEXIS 97616, *3 (D. Or. Jul. 17, 2014).  Additionally, the *Rooker-Feldman* doctrine bars collateral attacks against state court judgments in federal court, like the one at bar.  "Under *Rooker-Feldman*, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court."  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003).  Here, a state court has imposed child custody payments, and plaintiff is asking this court to enjoin enforcement and, effectively, overturn that decision.  ECF No. 7 at 8.

Plaintiff has already been afforded an opportunity to amend, and I find that further leave

2

to amend would be futile.

Conclusion

Accordingly, it is ORDERED that plaintiff's request for issuance of summons, ECF No. 8, is DENIED.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's First Amended Complaint, ECF No. 7, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    April 1, 2026                                                                                    

                                                        JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE

3