UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE PETERSON,<br>Plaintiff,<br>v.<br>TERRIE HARDIY-PORTER,<br>Defendant. | Case No. 2:24-cv-2759-DAD-JDP (PS)<br><br>ORDER ADOPTING FINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION WITHOUT LEAVE TO AMEND<br><br>(Doc. No. 9.) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action, in which she effectively challenges a state court issued decision garnishing her wages in connection with a child support obligation. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21).

On April 1, 2026, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's operative First Amended Complaint (FAC) be dismissed because it failed to state a cognizable federal claim for relief, was a collateral attack against a state court judgment barred by application of the *Rooker-Feldman* doctrine, and due to this court's lack of jurisdiction. (Doc. No. 9.) In addition, the magistrate judge concluded that because plaintiff had already been provided an opportunity to cure the noted pleading deficiencies by way of amendment and had failed to do so, it was apparent that the granting of further leave to amend would be futile and dismissal should be with prejudice. (*Id.* at 2–3.)

The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) On April 10, 2026 plaintiff filed objections to the pending findings and recommendations. (Doc. No. 10). In her objections plaintiff argues that she is not challenging the state court judgment ordering the garnishment of her wages but is instead challenging the post-judgment administrative enforcement conduct of the defendant in purportedly exceeding the 25% cap on such garnishment imposed under 15 U.S.C. § 1673(a). (*Id.* at 2.) The argument advanced by plaintiff in her objections has previously been rejected by California district courts:

> Plaintiff's reliance on 15 U.S.C. § 1673 also fails. 15 U.S.C. § 1673 sets forth certain restrictions on garnishment, and § 1673(b) provides an exception to the restrictions for "any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review." 15 U.S.C. § 1673(b). Plaintiff's claim that the non-commissioner defendants unlawfully garnished his earnings in violation of this statute relies on his contention that the underlying judgment ordering child support payments does not fall under the exception because it was invalid and not issued by a court of competent jurisdiction or in accordance with an appropriate administrative procedure. As this Court would have to find that the state court was wrong in entering judgment to find in favor of Plaintiff, this claim is also barred by the *Rooker-Feldman* doctrine.

*Moses-Maduwotu v. Becerra*, No. CV 21-01284 MWF (RAO), 2021 WL 1413104, at *5 (C.D. Cal. Feb. 25, 2021); *see also Elisarravaz v. Haydon*, No. 1:25-cv-00930-JLT-BAM, 2025 WL 2985068, at *2 (E.D. Cal. Oct. 23, 2025).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on April 1, 2026 (Doc. No. 9) are adopted in full;

/////

/////

/////

2. This action is dismissed without further leave to amend; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 13, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE